[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11472
Non-Argument Calendar

_____

D.C. Docket No. 6:15-cv-00020-GJK

JENNIFER GRIMM CHERKAOUI,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 2, 2017)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Jennifer Grimm Cherkaoui appeals from the district court's affirmance of

the Social Security Administration's ("SSA") denial of her application for

supplemental security income ("SSI").   On appeal, she argues that: (1) the

excessive number of medical appointments that she had to attend for the variety of ailments she had rendered her disabled because she would have to be absent too frequently to be employable; and (2) the the Administrative Law Judge ("ALJ") failed to assign the proper weight to the medical opinion of her treating physician, Dr. Tse Lee.  After careful review, we affirm.

We review the ALJ's decision in order to determine whether it is supported by substantial evidence and whether the ALJ applied proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla and is the relevant evidence that a reasonable person would accept as adequate to support a conclusion.  Id.  We may not reweigh the evidence and decide the facts anew and must defer to the ALJ's decision if it is supported by substantial evidence even though the evidence may preponderate against it.  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).

Eligibility for SSI requires that the claimant is under a disability.  42 U.S.C. § 1382(a)(1), (2).  In relevant part, a claimant is disabled if he is unable to engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. § 1382c(a)(3)(A).  To determine whether a claimant is disabled, the SSA applies a five-step sequential evaluation.  20 C.F.R. § 416.920(a)(4).  This process includes an analysis of

2

whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe and medically determinable impairment; (3) has an impairment, or combination thereof, that meets or equals a Listing, and meets the duration requirement; (4) can perform her past relevant work, in light of her residual functional capacity; and (5) can make an adjustment to other work, in light of her residual functional capacity, age, education, and work experience. Id. The claimant bears the burden of establishing the existence of a disability. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).

A residual functional capacity is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. Social Security Ruling ("SSR") 96-8p (1996). The assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms. Id. It would be incorrect to conclude that a claimant has limitations beyond the medically determinable impairments because of other factors such as age, body build, or habits, or activities that the individual was accustomed to doing in previous work. Id.

First, we are unpersuaded by Cherkaoui's argument that the excessive number of medical appointments she attended rendered her disabled. For starters, whether the number of medical appointments affects her ability to work is not an

appropriate consideration for assessing her residual functional capacity because that determination considers only the functional limitations and restrictions resulting from medically determinable impairments. See SSR 96-8p. The number of medical appointments she attended is not a functional limitation caused by her impairments that would affect her physical or mental capabilities. Moreover, nothing in the record indicates that Cherkaoui was required, or would be required, to schedule her medical appointments during working hours so that they would interfere with her ability to obtain work.

As for the ALJ's determination that Cherkaoui was capable of sedentary work, substantial evidence supports it. As the record reveals, the ALJ cited to medical evidence showing that Cherkaoui's impairments were either completely controlled or did not otherwise require limitations beyond those that a sedentary line of work would provide for. The ALJ determined that Cherkaoui's subjective allegations of her symptoms were not fully credible in light of the mostly benign medical evidence, Cherkaoui's descriptions of her daily activities, and the fact that Cherkaoui gave different doctors conflicting information about her symptoms. Cherkaoui has not challenged any of the ALJ's determinations that she was capable of performing sedentary work with her impairments and that her allegations about the limiting effects of her symptoms were not fully credible. Neither does she expressly argue that the ALJ erred by failing to consider the

4

effect the number of medical appointments had on her ability to obtain employment. Instead, she asks us to consider the effect of the evidence of her excessive number of medical appointments on her residual functional capacity. But that inquiry is beyond the scope of our review since it would require reweighing the evidence of Cherkaoui's capabilities for employment. Dyer, 395 F.3d at 1210. Accordingly, we affirm the ALJ's determination that Cherkaoui had the residual functional capacity to perform sedentary work.

As for her argument that the ALJ failed to assign the proper weight to the medical opinion of Dr. Lee, she has abandoned it. An appellant abandons a claim when she either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority. Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014); see also SEC v. Big Apple Consulting USA, Inc., 783 F.3d 786, 812 (11th Cir. 2015) ("The defendants' fleeting footnote explaining in one sentence that such evidence 'could be relevant' is insufficient to properly assert a claim on appeal.").

As the record shows, Cherkaoui abandoned her claim that the ALJ failed to assign a proper weight to Dr. Lee's opinion. In her brief, the only time Cherkaoui mentions that the ALJ might have erred in assigning weight to Dr. Lee's opinion is in a footnote that says, "As discussed below in Cherkaoui's second argument, the ALJ improperly rejected Dr. Lee's opinions." However, no second argument is

made, and Cherkaoui does not cite any law about the proper use of treating physician opinions nor does she further elaborate on her argument that the ALJ improperly rejected Dr. Lee's opinions.  As a result, she has abandoned this argument.  See Big Apple Consulting, 783 F.3d at 812; Sapuppo, 739 F.3d at 681. Accordingly, we affirm the denial of Cherkaoui's application for supplemental security income.

**AFFIRMED**.